**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

| | |
|---|---|
| David M. Barshay,<br><br>                              Plaintiff,<br><br>              v.<br><br> Affiliate Asset Solutions, LLC, and Pendrick Capital<br>Partners, II, LLC,<br><br>                              Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff David M. Barshay, by and through the undersigned counsel, complains, states,

and alleges against defendants Affiliate Asset Solutions, LLC and Pendrick Capital Partners, II,

LLC, as follows:

## INTRODUCTION

1.      This is an action for damages for violations of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28

U.S.C. § 1337 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state

law claims pursuant to 28 U.S.C. §1367.

3.      This court has jurisdiction over defendants Affiliate Asset Solutions, LLC, and

Pendrick Capital Partners, II, LLC, because they regularly conduct and transact business in this

state, and the conduct complained of herein occurred in this Judicial District.

4.      Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5.      Plaintiff David Barshay  ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6.      Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7.      Defendant Affiliate Asset Solutions, LLC, ("Affiliate") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Gwinnett County, Georgia.

8.      Affiliate has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

9.      Affiliate regularly collects or attempts to collect debts asserted to be owed to others.

10.      Affiliate is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.      The principal purpose of Affiliate's businesses is the collection of such debts.

12.      Affiliate uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13.      Affiliate is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.      Defendant Pendrick Capital Partners, II, LLC ("Pendrick") is a corporation organized and existing under the laws of the State of New York, with a principal place of business in Warren County, New York.

15.      Pendrick has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

16.      Pendrick regularly collects or attempts to collect debts asserted to be owed to

2

others.

17.    Pendrick is regularly engaged, for profit, in the collection of debts allegedly owed

by consumers.

18.    The principal purpose of Pendrick's businesses is the collection of such debts.

19.    Pendrick uses instrumentalities of interstate commerce, including telephones and

the mails, in furtherance of its debt collection business.

20.    Pendrick is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21.    The acts of Defendants as described in this Complaint were performed by

Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting

within the scope of their actual or apparent authority. As such, all references to Defendants in this

Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

### FACTUAL ALLEGATIONS

22.    Defendants allege Plaintiff owes a debt ("the alleged Debt").

23.    The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of

certain medical treatment rendered to Plaintiff's infant son.

24.    At an exact time known only to Defendants, the alleged Debt was assigned or

otherwise transferred by Affiliate to Pendrick for collection.

25.    At the time the alleged Debt was assigned or otherwise transferred to Defendants,

the alleged Debt was in default.

26.    In their efforts to collect the alleged Debt, Defendants sent Plaintiff a letter dated

October 11, 2018.  (A true and accurate copy of that collection letter is annexed hereto as "**Exhibit

1.**")

27.    The Letter was received and read by Plaintiff.

28.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

29.     Within 30 days of receipt of the letter, Plaintiff requested Defendants to provide certain information concerning the alleged Debt, as noted on **Exhibit 1.**

30.     Defendants never responded to Plaintiff's request.

31.     Instead, Defendants sent Plaintiff an additional letter dated December 9, 2019. (A true and accurate copy of that collection letter is annexed hereto as "**Exhibit 2.**")

32.     The Letter was received and read by Plaintiff.

33.     Within 30 days of receipt of the letter, Plaintiff again asked Defendants to provide certain information concerning the alleged Debt, as noted on **Exhibit 2.**

34.     Defendants never responded to Plaintiff's request.

35.     Instead, Defendants sent Plaintiff an additional letter dated February 10, 2021.  (A true and accurate copy of that collection letter is annexed hereto as "**Exhibit 3.**")

36.     15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive validation and verification from Defendants that would allow Plaintiff to identify the source of the alleged Debt and confirm that the alleged Debt was actually owed.  As set forth herein, Defendants deprived Plaintiff of these rights.

37.     Plaintiff's injury is "particularized" and "actual" in that the Letter that deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

38.     Plaintiff's injury is directly traceable to Defendants' conduct because Defendants sent the Letter, and but for Defendants' conduct, Plaintiff would not have been deprived of the aforementioned rights.

39.     Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

40.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in their attempts to collect the alleged Debt and other alleged debts.

41.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

42.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

43.     A favorable decision herein would redress Plaintiff's injury with money damages.

44.     A favorable decision herein would serve to deter Defendants from further similar conduct.

45.     15 U.S.C. § 1692g(b) provides that if a consumer notifies a debt collector in writing that the debt or any portion thereof, is disputed, the debt collector shall cease collection of the debt until the debt collector obtains verification of the debt or a copy of a judgment, and a copy of such verification or judgment, is mailed to the consumer by the debt collector.

46.     Plaintiff twice notified Defendants in writing that the debt was disputed.

47.     Defendants failed to cease collection of the debt until they obtained verification of the debt or a copy of a judgment, and mailed a copy of such to Plaintiff.

48.     Defendants continued their collection efforts unabted.

49.     As such, Defnedants violated 15 U.S.C. § 1692g(b) and are liable to Plaintiff therefor.

5

**JURY DEMAND**

50.    Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

   a.  Finding Defendant's actions violate the FDCPA; and

   b.  Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

   c.  Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

   d.  Awarding the costs of this action to Plaintiff; and

   e.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

   f.  Such other and further relief that the Court determines is just and proper.


DATED: February 22, 2021

JOAQUIN J. LOPEZ, ESQ.

By: *s/ Joaquin Lopez*
Joaquin Lopez, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
